United States District Court
Southern District of Texas

**ENTERED**

July 17, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORMA YESENIA MARTINEZ ZEPEDA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4065 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Norma Yesenia Martinez Zepeda ("Petitioner"), a citizen of El Salvador, entered the United States without inspection on September 11, 2009.[1] On September 25, 2009, Petitioner was arrested by the United States Border Patrol in Laredo, Texas.[2] That same day Petitioner was released into the United States on her own recognizance after being served with a Notice to Appear.[3] In 2011, Petitioner filed an application for asylum and for withholding of removal.[4]

---

[1] Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 18; Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 1. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2] Record of Deportable/Inadmissible Alien, Exhibit 2 to Respondents' MSJ, Docket Entry No. 7-2, p. 3.

[3] Id.

[4] Respondents' MSJ, Docket Entry No. 7, p. 1.

On December 25, 2025, Petitioner was arrested for assault and battery by the police in Chelsea, Massachusetts.[5]  On December 26, 2025, Petitioner was taken into Immigration and Customs Enforcement custody as she was leaving her arraignment on the assault and battery charge.[6]  On February 10, 2026, Petitioner was served with a Notice to Appear, charging her with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[7]  On June 15, 2026, an immigration judge denied Petitioner's application for asylum and ordered her removed to El Salvador.[8]   Petitioner reserved an appeal and remains in immigration custody.[9]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that her detention without a bond hearing violates the Immigration and Nationality Act and due process.[10]   Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7).  Respondents argue that

---

[5]Id.

[6]Id. at 2.

[7]Notice to Appear, Exhibit 4 to Respondents' MSJ, Docket Entry No. 7-4, pp. 1, 4.

[8]Respondents' MSJ, Docket Entry No. 7, p. 2.

[9]Id.

[10]Habeas Petition, Docket Entry No. 1, pp. 6-8 ¶¶ 42-56.

Petitioner's detention under § 1225(b)(2) does not violate due process because she is an applicant for admission.[11] Petitioner has filed a reply.[12]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.[13]

---

[11]Respondents' MSJ, Docket Entry No. 7, pp. 3-12.

[12]Petitioner's Reply in Support of Habeas Petition and Opposition to Respondent's Motion for Summary Judgment, Docket Entry No. 9.

[13]Petitioner argues that she is entitled to a bond hearing
(continued...)

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Docket Entry No. 1) is **DENIED.**

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 17th day of July, 2026.

 

 

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[12](...continued)
Petitioner's Notice of Supplemental Authority, Docket Entry No. 10, p. 1.   However, that opinion has been vacated.   Rodriguez v. Ortega, No. 26-50183, 2026 WL 2014647 (5th Cir. Jul. 10, 2026).